```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
_____

SHANDERA J. GILLESPIE,

     Plaintiff,
                                      No. 17-2726-JPM-dkv
vs.

MICHAEL MAGEE, M.D.; TONI
ANN KOREN; KERRI REYES;
JAMES MOONEYHAM, HR;
MINDY MERKEL, Director;
MARSHA SMITH, CEO;
MARCI CANNON FISHER, Staff
Attorney; BAPTIST MEMORIAL
HEALTH CARE CORPORATION,

     Defendants.
_____

     REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL
_____
```

On October 2, 2017, the plaintiff, Shandera J. Gillespie ("Gillespie"), filed a *pro se* complaint against the above-listed defendants, alleging race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("ADA"). (Compl., ECF No. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which the court granted on October 3, 2017, (ECF No. 7). This case has

been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons that follow, it is recommended that Gillespie's claims of disability, age, and color discrimination be dismissed as to all defendants for failure to state a claim upon which relief may be granted. It is further recommended that Gillespie's Title VII race-discrimination and retaliation claims against Baptist Memorial Health Care Corporation ("Baptist") proceed but that these claims be dismissed as to all remaining defendants.

## I.    PROPOSED FINDINGS OF FACT

In her complaint, Gillespie indicates that she brings this discrimination in employment action pursuant to Title VII, the ADEA, and the ADA. (Compl. ¶ 1, ECF No. 1.) In a different section of her complaint, she indicates that she has been discriminated against based on her race, color, and age. (*Id.* ¶ 9.) The discriminatory conduct of which she complains includes termination of employment, unequal terms and conditions, retaliation, and harassment. (*Id.* ¶ 6.) She states the following facts in support of her claims:

> While working at the company I was treated differently than white [employees] performing the same duties during the period from 2014 to June 2, 2015. I was required to stop performing my work and come do the work for my white coworkers while they did nothing but sit around. I was never told I had a performance issue until I was given a performance review. I had not had an evaluation over two

> years. I complained to management about the manner in which I was being treated and required to do other work resulting in my work being slowed down. Management did nothing about it. They brought in a new person (Toni Koren) as a physician medical as the manager and she always took sides with the white employees working against me. It was just out right discrimination. I was discharged because of my race (Black) and they know. Other Blacks were witness to the treatment.

(*Id.* ¶ 10.) For relief, Gillespie requests compensatory damages, pain and suffering damages, back pay, and re-employment. (*Id.* at 6.)

Gillespie filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in June 2015. (*Id.* ¶ 11.) The EEOC issued a Right to Sue letter on June 29, 2017. (EEOC Notice of Right to Sue, ECF No. 1-1.) Title VII provides that a civil action must be brought within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. 2000e-5(f)(1). Gillespie alleges that she received the Notice of Right to Sue on June 29, 2017, the same date it was sent. (Compl. ¶ 14, ECF No. 1.) Because it is unlikely that Gillespie received the Notice of Right to Sue on the same date it was mailed by the EEOC, the court presumes that it was received by Gillespie five days after it was sent by the EEOC. *See Cook v. Providence Hosp.*, 820 F.2d 176, 179 n.3 (6th Cir. 1987)(stating that there is a presumption that mail is received by the addressee and that the ninety-day time limit begins to run five days after the EEOC mails the notice of right to sue); *Hunter v. Stephenson Roofing Co.*, 790 F.2d 472, 475 (6th Cir. 1986)(applying

the same presumption). Therefore, the court presumes that Gillespie received the Notice of Right to Sue on July 4, 2017. The ninety-day time limit began to run on July 4, 2017, and expired on October 2, 2017, the actual day that Gillespie filed this complaint. The complaint, therefore, is timely.

II.   PROPOSED CONCLUSIONS OF LAW

A.   28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

   (i)    is frivolous or malicious;

   (ii)   fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Gillespie's complaint.

B.   Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under

Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required

5

is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Gillespie's Claims of Disability, Age and Color Discrimination</u>

Gillespie indicates on the first page of the complaint that she brings this action pursuant, *inter alia*, to the ADA, although she has not checked the box for disability discrimination on page four of the complaint. (Compl. ¶¶ 1, 9, ECF No. 1.) The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Gillespie has not alleged any facts from which the court can infer that she has a disability and that she was discriminated against because of such disability. Therefore, the court recommends that Gillespie's ADA cause of action be dismissed for failure to state a claim.

Gillespie also indicates that she brings this action pursuant to the ADEA. (Compl. ¶ 1, ECF No. 1.) The ADEA prohibits an employer from discriminating "against any individual with respect to his terms of compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Gillespie has also not alleged any facts from which the court can infer that she was discriminated against because of her age, other than the fact that she was over forty years old when the alleged discrimination took place. Therefore, the court recommends that

Gillespie's ADEA cause of action be dismissed for failure to state a claim.

Gillespie has also checked the box for discrimination based on color. (Compl. ¶ 9, ECF No. 1.) Color discrimination is distinct from race discrimination in that the former "'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Moore v. Food Lion*, No. 3:06-0712, 2007 WL 596955, at *2 (M.D. Tenn. Feb. 21, 2007)(quoting *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 133 n.5 (4th Cir. 2002)). Gillespie's allegations in her complaint focus exclusively on her race and are "devoid of any hint that [her] particular skin tone motivated the alleged discrimination." *See Bryant*, 288 F.3d at 133 n.5. Accordingly, it is recommended that Gillespie's discrimination claim based on her color be dismissed.

D. <u>Gillespie's Title VII Claims Against the Individual Defendants</u>

Gillespie seeks to hold a number of individuals liable under Title VII. The only defendant implicated in Gillespie's alleged facts is Toni Koren who was hired as a manager and "always took sides with the white employees." (Compl. ¶ 10, ECF No. 1.) Gillespie does not allege any facts implicating the remaining individuals. Nevertheless, the law is clear that individual employees cannot be held individually liable under Title VII. *See Wathen v. Gen. Elec.*

*Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *see also Colston v. Cleveland Pub. Library*, 522 F. App'x 332, 336 (6th Cir. 2013)(citing *Wathen*).

Gillespie also seeks to sue Marsha Smith, who is listed as "CEO." (Compl., ECF No. 1.) Gillespie does not allege that Marsha Smith was involved in any discriminatory or retaliatory conduct. To the extent Gillespie purports to sue Marsha Smith as an employer in her capacity as CEO of Baptist, allowing suit against Baptist as well as against Marsha Smith would be duplicative. For these reasons, the court recommends that Gillespie's suit against the individual defendants be dismissed for failure to state a claim.

E. <u>Gillespie's Title VII Race-Discrimination and Retaliation Claims against Baptist</u>

Lastly, Gillespie also alleges race discrimination and retaliation under Title VII. (Compl. ¶¶ 6, 9, ECF No. 1.) Under Title VII, it is "an unlawful employment practice . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To establish a *prima facie* case of race discrimination, a plaintiff is required to show that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was either replaced by a person outside of the protected class or was treated differently than similarly situated non-protected

employees. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010); *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004). The plaintiff is not required to plead a *prima facie* case of discrimination and she need only plead a short and plain statement of the claim showing that she is entitled to relief. *Jackson v. Crosset Co.*, 33 F. App'x 761, 762 (6th Cir. 2002)(discussing the Title VII pleading standard set out in *Swierkiewicz*).

Gillespie has sufficiently stated a claim for race discrimination. She alleges that she is an African-American who was subjected to adverse employment decisions while working for Baptist, including termination. (Compl. ¶ 10, ECF No. 1.) She alleges that she was treated differently from white employees who worked at Baptist. (*Id.*) Therefore, considering the facts in the light most favorable to Gillespie, she has met her pleading requirement for her race discrimination claim against Baptist.

As to Gillespie's retaliation claim, under Title VII, it is "unlawful . . . for an employer to discriminate against any of his employees . . . because he has opposed any practice made unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). For a *prima facie* case of retaliation, a plaintiff must thus show that: (1) she acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against her; and (4) the adverse

action had a causal connection to the protected activity. *Lundy v. Gen. Motors Corp.*, 101 F. App'x 68, 73 (6th Cir. 2004).

Gillespie has sufficiently stated a claim for Title VII retaliation. She alleges that she was treated differently than her white coworkers and that she complained to management about this treatment. (Compl. ¶ 10, ECF No. 1.) She further alleges that management did nothing about it and that she was eventually terminated. (*Id.*) Construing these facts in the light most favorable to Gillespie, she has met her pleading requirement for her Title VII retaliation claim against Baptist.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Gillespie's disability, age, and color discrimination claims be dismissed *sua sponte* as to all defendants for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that Gillespie's Title VII race-discrimination and retaliation claims be dismissed as to all the individual defendants named in the complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, the only surviving claims are Gillespie's Title VII race-discrimination and retaliation claims against Baptist.

The court recommends that the Clerk be directed to issue process for Baptist and to deliver that process to the marshal for service along with a copy of the complaint, this Report and Recommendation,

and any order regarding this Report and Recommendation; that service be made on Baptist pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure;[1] and that all costs of service be advanced by the United States.

It is further recommended that Gillespie be ordered to serve a copy of every document filed in this cause on the attorney for Baptist, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[2] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

Respectfully submitted this 11th day of October, 2017.

                                              s/Diane K. Vescovo_____
                                              DIANE K. VESCOVO
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1]The EEOC's Notice of Right to Sue letter issued to Gillespie lists the following address for service of process for Baptist:

    Marci Cannon Fisher
    Staff Attorney
    Baptist Memorial Health Care Corporation
    350 N. Humphreys Blvd.
    Memphis, TN 38120

[2]A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.